## PRADER *v.* PURKETT *et al.*

Even if a Chancellor has no power, under the 116th Section of the Practice Act, to require an undertaking upon the issuance of the restraining order, still, having taken jurisdiction of the general subject of litigation, he has power, aside from the statute, to order such undertaking, or to make any other order in the progress of the case, for the furtherance of the objects of the litigation, and the protection of its subject matter.

An undertaking in such case, reciting, that it is made in pursuance of the order of Court requiring a bond in the suit in which a restraining order was already in force, sufficiently expresses a consideration.  The order for the bond and the undertaking must be taken together.

The pendency of a suit between parties at the time of issuing a restraining order, is sufficient to give the Court jurisdiction to issue the order.  And the regularity of its exercise cannot be collaterally impeached.

Where there are several obligees in such an undertaking promising to pay "said parties enjoined," etc. suit may be brought in the name of one alone, if he be beneficially entitled to the fruits of the recovery.

*Summers* v. *Farish*, (10 Cal. 350,) affirmed.

Appeal from the Sixth District.

August, 1856, Ami M. White obtained a restraining order from the Sixth District Court, in a suit by her against plaintiff, Joseph Prader and Prescott Robinson.  This order was issued by the Judge, before complaint filed, in a usual form, thus: " On filing the complaint in this cause, and bond in the sum of, etc. let defendant show cause, etc. why an injunction should not issue, and in the meantime let an order issue restraining," etc.  Upon the hearing of the rule against defendants, made at the same time, to show cause why an injunction should not issue, the District Court made an order requiring said Ami White to file a new bond in the sum of twenty-five hundred dollars in said cause. The complaint in this suit then avers, that, " in pursuance of which order, and in consideration of the continuance of the restraining order aforesaid, the defendants, J. H. Purkett and Mark Sheldon, on the part of said Ami M. White in the suit aforesaid, executed a bond in words and figures as follows, to wit:

Prader v. Purkett.

" District Court of the Sixth Judicial District:

*Ami M. White* v. *Joseph Prader et al.*

Whereas, by an order of Court, made on the 20th day of September, 1856, the plaintiff was required to file a bond in the sum of twenty-five hundred dollars in this suit, wherein was granted an injunction order restraining and enjoining, Wm. A. Prader and P. Robinson, Rec. etc. now therefore, we the undersigned, residents of the county of San Francisco, in consideration of the premises and of the issuing of the said injunction orders, do jointly and severally undertake, in the sum of twenty-five hundred dollars, that the said plaintiff will pay to the said parties enjoined such damages, not exceeding the said sum of twenty-five hundred dollars as said party may sustain by reason of said order of injunction, if the said District Court finally decide that the said plaintiff was not entitled thereto.   Dated this 29th of September, 1856.

(Signed)                               J. H. PURKETT,
                                              MARK SHELDON."

The complaint further avers, that Joseph Prader and Robinson, two of the obligees in the bond, were nominal parties to the suit, the entire interest being in the plaintiff herein.

Defendants demurred for defect of parties, and want of facts to constitute cause of action.   Demurrer sustained, and final judgment for defendants.   Plaintiff appeals.

*Hoge & Wilson*, for Respondents.

1. This action is not on the usual undertaking executed on procuring an injunction in pursuance of Sec. 115 of the Practice Act.

2. No injunction was ever issued, but only an order to show cause why an injunction should not issue, and in the meantime, there was a restraining order under Sec. 116 of the Practice Act.   The statute makes no provision for any undertaking under this section.

3. The instrument sued on has no seal—is no bond at all—it is a mere common law simple contract, and must be tested by the law applicable to such contracts.   It has no legal consideration on its face.   That form, if under seal, might be good, the seal importing a consideration.   If, in pursuance of the statute,

it might draw force and validity from it, as it stands it is a mere *nude pact* on its face. The complaint shows no consideration sufficient to bind these defendants outside of the face of the instrument.

4. The defendants being sureties, "have a right to stand upon the very terms of their contract." (*Miller* v. *Stewart*, 9 Wheat. 680; Chitty on Cont. 527.) The terms of the undertaking and its plain meaning as a common law simple contract (if a contract at all,) are to pay all the defendants in the original suit such damages—that is, joint damages—as they might sustain by reason of that restraining order. There were three obligees. This action is only brought by one of the obligees, and it is alleged that the other two suffered no damage.

On this instrument, no individual damage to one is recoverable. There is then no breach of the instrument. It is not the case of a proper breach, and the right to recover for that breach vested in one by assignment or operation of law. There never was any joint damage, and none other is embraced in the plain language of the instrument.

This (if anything,) is a "contract for the payment of one sum to three parties," and all three should be "properly joined as plaintiffs." (*Wallis et al.* v. *Dilley et al.* 7 Md. 237; see, also, *Armstrong* v. *Robinson*, 5 Gill. & J. 413; *Elbe* v. *Purdy*, 6 Wend. 630—632, and cases cited; *Clover* v. *Painter*, 2 Barr, 47.)

5. The restraining order was made by the Judge before the complaint was filed, and consequently he had no jurisdiction or power to make it. It was a nullity.

If the original restraining order was a nullity, there was nothing upon which a continuance could operate, and plaintiff was never enjoined or restrained at all.

*Smith & Hardy*, for Appellants, cited: *Summers* v. *Farish*, (10 Cal. 347.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This is an action on an undertaking executed in a chancery case, pursuant to the order of the Judge for a temporary injunction. It is objected that the statute does not provide for an undertaking in such a case. But whether this point be sustained

by a right interpretation of the statute or not, we think that as the Chancellor had taken jurisdiction of the general subject, he had power to make this order as any other order in the progress of the case, for the furtherance of the objects of the litigation, and the protection of the subject matter of it.

2. It is next objected that the paper is void because expressing no consideration. But taking the order and the undertaking together, we think it does sufficiently express the consideration.

3. The order under which this undertaking was executed was made on the 29th of September, 1856, and we understand that at that time there was a suit pending between the parties mentioned in the complaint. This was enough to give the Court jurisdiction and the regularity of the exercise of it cannot be collaterally impeached.

4. The suit was properly brought in the name of the party beneficially entitled to the fruits of recovery, though there were several obligees, as we held in the case of *Summers* v. *Farish*, (10 Cal. 350.)

We think the demurrer was improperly sustained.

Judgment reversed, and cause remanded.

On rehearing, BALDWIN, J. at the July Term, 1860, delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We passed on this case at a former term. We have since reviewed the opinion, at the instance of the Respondent's counsel. We see nothing to change the judgment before directed; and nothing in the points, which are purely technical, requiring further elaboration. The former opinion is adopted as explanatory of the grounds of our decision.

Judgment reversed, and cause remanded.

See *Browner* v. *Davis Martin et al.* 14 Cal. ; *Prader* v. *Grim & Cooper*, *ante*.