# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT,

## JANUARY TERM, 1860.

### BROWNER v. DAVIS, MARTIN et al.

On an injunction bond given to plaintiff and others, as obligees, plaintiff alone may sue, if the property on which the injunction operated was his sole property, and the injury his alone, the complaint averring these facts.

Nominal damages are presumed to follow as a conclusion of law, from proof of the breach of a contract.

In an action on such bond, no demand for payment of unliquidated damages need be made on the parties for whom the sureties—that is, the obligors—stipulated.

Where judgment is entered, against "the defendants," some of whom were not sued, though their names appeared as defendants by a mistake of the Clerk in entitling the cause, the error may be corrected in the Supreme Court, or the Court below, on motion.

Complaint filed against M. and D. and H. and L., sureties. Complaint amended and H. and L. only named defendants, and on this complaint the issue was found and the cause tried. *Held,* that this operated as a discontinuance, as to M. and D ; and that, although the judgment runs as against "said defendants" —the verdict and judgment being *entitled* B. (plaintiff) v. M. et al—still the judgment must be referred to the issue, is of no effect against M. and D., and may be modified, as a clerical misprision, in the Supreme Court.

APPEAL from the Fourteenth District.

The bond in this case runs, " That we, of the County of Nevada, State of California, as sureties for Aaron Davis and Thomas W. Mar-

Browner *v.* Davis.

tin, *   * are held and firmly bound unto Joshua Browner, T. G. Smith, A. Sargeant and A. McMullen, in the sum," etc., the condition being that said Davis and Martin shall pay the obligees damages, etc.   The bond is signed by Hollingsworth & Lampe only.

In the title of the original complaint, Browner alone is plaintiff, and Davis, Martin, Hollingsworth and Lampe, defendants.   The amended complaint is entitled Browner, Sargeant, Smith and McMullen v. Lampe and Hollingsworth.   In the verdict and judgment, the case is entitled Joshua Browner v. Davis, Martin *et al.*, and the judgment is that "the above named plaintiff do have and recover of and from said defendants, the sum of," etc.

Of the four following instructions asked by defendants, the fifth was given, the rest refused.

5. Under the pleadings in this case, unless the plaintiff shows a demand on Martin and Davis for damages, and their refusal to pay such damages, the jury must find for defendants.

6. The measure of damage is the actual damage proved, if any, and that if the jury believe from the evidence, that plaintiff had sustained no damage by reason of the injunction complained of, they will find for defendants.

7. That unless Browner, the said plaintiff, proved his services were of some value during the continuance of the injunction, then in any estimate the jury may make, they are confined to the evidence ; and that unless his, the said plaintiff's services have been proven to be of some value, or his not being able to labor an injury to him, it will form no part of the estimate for damages.

8. If the plaintiff was engaged at all times in other labor, after injunction served and before its dissolution, and it so appeared from the testimony, and he has failed to show any value for mining purposes in the premises enjoined, then the jury must find for defendants.

Defendants appeal.

*J. I. Caldwell*, for Appellants.

1. All the obligees in the bond should have been parties plaintiff. (1 Chitty's Pl. 13; Parsons on Contracts, vol. 1, pp. 11 to 20 and cases.)

2. A demand on the principals, Davis and Martin, should be made before suit against the sureties.   (1 Chitty's Pl. 331 ; *Tissot and Wife* v. *Darling et al.*, 9 Cal. 278.)

Browner *v.* Davis.

*Mc Connell & Niles*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

This suit was brought on an injunction bond.

1. The first error assigned, is the overruling of a demurrer to the complaint. The ground of demurrer was, that the bond was given to the plaintiff and other obligees, and, therefore, the plaintiff had no right to sue alone for a breach of it. But the complaint shows that the property upon which the injunction operated, was the sole property of the plaintiff, and the sole injury was his. Within the case in 10 Cal. 347, *Summers* v. *Farish*, the suit was well brought in the name of the party really and alone interested in a recovery, and to whom the fruits of the judgment would go.

2. All the instructions except the fifth, asked by the defendant, embody a fatal error. In actions for the breach of a contract, nominal damages are presumed to follow as a conclusion of law, from proof of the breach—a principle negatived in effect in the charges asked.

3. The fifth asserts the necessity of a demand for payment of unliquidated damages, not on the obligors, but on the men for whom, as sureties, the obligors stipulated. We are not acquainted with any such rule or ruling of law.

4. It is not clear that the damages were excessive.

5. The last point is, that the judgment is against Martin and Davis, when they were not sued. We suppose that this is a mere clerical error in entitling the cause. If the appellants desire it, they can move this Court, or the Court below, to amend the pleadings showing the error.

Judgment affirmed.

On petition for rehearing, BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

A petition for a rehearing is filed. The ground is error of this Court in assuming that no judgment was had against Davis and Martin, but only against the sureties, Hollingsworth and Lampe. It is true that the action was originally against Martin and Davis and these sureties; but the complaint was amended, and the defendants, the sureties, only embraced in the amended pleadings upon which the issue was found and the cause tried. This operated as a discontinuance as to the defend-

ants omitted by the last pleading. It is also true that the verdict and judgment are entitled as in the caption of this opinion. But this is a mere clerical misprision. It is only the name given to designate the cause, and is of no effect against Martin and Davis. The judgment is to be referred to the issue, and may be now considered as formally so modified. The error, however, is unimportant. The rehearing is refused.

See *Prader* v. *Purkett*, (13 Cal. 588) as to suit by one of several obligees.