KINDEL, APPELLANT V. THE BECK AND PAULI LITHO-
GRAPHING COMPANY, APPELLEE.

1. AMENDMENT OF JUDGMENT.

An error in the entry of a judgment of a trial court may be corrected
in that court *nunc pro tunc*, pending appeal; and the amended
judgment may be certified to this court as a part of the record.

2. JUDGMENTS.

A judgment is that which is considered and ordered by the court, and
not necessarily what is entered by the clerk.

3. PRACTICE.

An appellant cannot by appealing from a judgment which was never
rendered compel an appellate court to decide such appeal or deprive
the trial court of its power to correct the unauthorized act of its
clerk.

4. CONSTITUTIONAL LAW—FOREIGN CORPORATIONS.

The failure of a foreign corporation doing business in this state to file
a certificate as required by sec. 10, art. 15, Const., and by secs. 499
and 500, Mills Ann. Stats., is not a defense to an action by it upon
a contract made in this state.

5. INTERSTATE COMMERCE.

Power to regulate commerce among the states is vested exclusively in
Congress.

6. PRACTICE—IMMATERIAL ERROR.

While good practice would have required that a demurrer filed be ruled
upon and sustained, yet when the same result was reached upon a
motion for judgment upon the pleadings, the error was one of form
and not of substance, and will be disregarded.

*Appeal from the District Court of Arapahoe County.*

ACTION upon contract. Judgment for plaintiff. Defend-
ant appeals.

The contest in this case is over $7.73. The controversy
arose as follows :—In the year 1889, the appellee, The Beck
and Pauli Lithographing Company, entered into a contract
with appellant Kindel, by the terms of which appellee agreed
to furnish appellant five thousand calendars at 17½ cents each,
or for a total of $875. The calendars were duly furnished
and accepted by appellant; when the bill for the same was

presented it contained a charge of $15.27 for boxing and freight. This bill appellant refused to pay and thereupon suit was instituted.

Appellee in his complaint for a first cause of action alleges the furnishing of the calendars under the contract, and the payment of the sum of $15.27 for boxing and freight upon the same, and asks for judgment for these sums with interest. It is with the first cause of action alone that we have to deal upon this appeal. To this first cause of action the defendant by answer interposed two defenses. The first consists of allegations to the effect that plaintiff was a foreign corporation and had not complied with the laws of the state of Colorado with reference to filing a certificate as required by the statutes. The second plea to this cause of action consists merely of an offer on the part of the defendant to pay the sum of $875, and a denial that he was indebted in any larger amount. And the defendant further says, " that, as to said $875, he is still willing to pay, and offers to bring same into court."

The plaintiff filed a general demurrer to the first defense. It replied to so much of the second defense as constituted an answer to that part of the first cause of action, which related to the item of $15.27. In this state of the pleadings defendant upon notice moved for judgment by default for the undisputed portion of his claim. The court sustained this motion and rendered judgment accordingly on April 23, 1890. From this the defendant prayed an appeal which was allowed and the amount of the bond fixed by the court. An appeal bond was filed and approved on May 1, 1890.

Thereafter, before the record had been lodged in this court and at the same term of the district court at which the judgment was rendered, after due notice, defendant's counsel moved the court to correct the entry of the judgment by deducting therefrom the sum of $7.73, which was accordingly done. The defendant thereupon prayed another appeal, which was allowed on the condition that he file an appeal bond within a certain time. The entire proceedings appear in the record now before the court.

Messrs. MARKHAM & CARR, for appellant.

Messrs. RIDDELL, STARKWEATHER & DIXON, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The first assignment of error has reference to the judgment of April 23, 1890, for $882.78. That this judgment was excessive to the amount of $7.73 has at all times been admitted by appellee, and the only question to be considered with reference thereto is as to the right of the court below to correct the same, as was attempted by the judgment entered June 30, 1890.

It is apparent from the record before us that the excess in the amount of the first judgment resulted from a clerical mistake of the clerk in entering the same. It was not the judgment asked for by the plaintiff, nor the one ordered by the court. Appellant, however, enters into an agreement to show that the excess in the judgment resulted from a judicial and not a clerical error. If this were true there is excellent authority in support of the right of the trial court to correct the error, even after the appeal was taken to this court. See *Richardson v. Mellish*, 3 Bing. 346; 14 E. C. L. 366; *Rew v. Barker*, 14 Am. Dec. 515, and notes; *Cunningham v. Fontaine*, 25 Ala. 644; *Dow v. Whitman et al.*, 36 Ala. 604; *Hunt v. Wallis et al.*, 6 Paige's Chan. 371; *Browner v. Davis et al.*, 15 Cal. 9; *Tryon v. Sutton*, 13 Cal. 490.

In *Richardson v. Mellish, supra*, an application to amend was made in the lower court, pending an appeal. In allowing the amendment, Best, C. J., said: "If we do not make this amendment, the court of king's bench must give judgment on a false record. * * * We are doing what will enable the court of king's bench to do justice. * * * I have no doubt that the king's bench will suspend their judgment, but should we be disappointed in this, and the defendant in error, instead of taking a *venire de novo*, brings a writ of error, it will be our duty to certify to the House of Lords, as the court of

king's bench did in *Dunbar v. Hitchcock*, that the record sent to that house is a defective record, which will enable the House of Lords to set this matter right."

In *Cunningham v. Fontaine, supra*, the judgment of the trial court was amended in that court *nunc pro tunc*, pending a writ of error, and the amended judgment certified to the appellate court and a reversal thereby avoided.

In the case before us the error was purely clerical. The motion of plaintiff was not for judgment for $882.73, but for a judgment for that part of the first cause of action not controverted, and the order of the court follows closely this language. It is as follows : " It is ordered by the court that judgment by default be entered herein against said defendant upon that part of plaintiff's 'first cause of action' not controverted by said defendant's answer, and let the same be recorded in the judgment book."

If anything additional is necessary to establish the fact that the excess in the amount of the judgment of April 23, 1890, resulted from a mistake on the part of the clerk, it is to be found in the judgment of the district court rendered on the 30th day of June, 1890, in which it is specifically adjudged that the error in the former judgment resulted entirely from a mistake in the entry thereof.

It has been held by this court that a judgment " is what is considered and ordered by the court ; and not necessarily what is entered by the clerk." *Gaynor and Standley v. Clements*, 16 Colo. 209. Appellant cannot, by appealing from a judgment never rendered, compel this court to decide such an appeal or deprive the trial court of the power of correcting the unauthorized act of its clerk. In so far as the views expressed in *Breene v. Booth*, 3 Colo. Appeals, 470, are inconsistent herewith, they do not meet with the approval of this court.

The claim of appellant to the effect that he has a right to have the first judgment corrected in this court rather than the court below, has no foundation in logic or law. Reviews are had and appeals allowed for the purpose of correcting

errors that the trial court is unwilling, or unable to correct. In this case the error was fully corrected in the trial court, and the occasion for an appeal on account of the excess in the amount of the judgment was thereby avoided.

The remaining assignments of error may be considered together. They relate to the right of the court to enter judgment without first disposing of the demurrer to the first defense.

Undoubtedly good practice required a ruling directly upon this demurrer. But to entitle appellant to any relief in this court by reason of the omission, he must not only show that error intervened, but also that he was prejudiced thereby.

The first defense is based upon the failure of appellant, a corporation organized under the laws of another state, but doing business in this state, to file a certificate as required by sec. 10, art. XV., Constitution, and by sections 499 and 500, Mills' Ann. Statutes. Although by such failure all officers, agents and stockholders of the company subject themselves to certain personal liabilities, it is no defense to the present action. In case of noncompliance the penalty of personal liability of officers, agents, etc., was deemed sufficient by the legislature, and will not be enlarged by the courts. This has been decided in a number of cases. *Utley et al. v. The Clark-Gardner Lode Mining Company*, 4 Colo. 369; *Northwestern Mutual Life Insurance Company v. Overholt*, 4 Dillon, 287; *Cooper Manufacturing Company v. Ferguson et al.*, 113 U. S. 727; *Fritts v. Palmer*, 132 U. S. 282.

In this case appellee contracted to make the calendars at its place of business in Wisconsin, and deliver them to appellant in Colorado. To give the state constitution and statutes the construction claimed by appellant would be to permit a state to regulate commerce among the states, authority for which is conferred exclusively upon Congress. U. S. Constitution, art. 1, sec. 8; see opinion by Mr. Justice Matthews in *Cooper Manufacturing Company v. Ferguson, supra*.

For these reasons the first defense ought to have been held insufficient, and the demurrer thereto sustained. The same result was, however, reached upon the motion for judgment upon the pleadings. The defect in this defense was not such as could have been cured by amendment,—hence appellant is in no way prejudiced by the course adopted. The error in the proceeding was one of form and not of substance, and will not avail. Civil Code, 1887, sec. 78.

The judgment will be affirmed.

*Affirmed.*