JOHN W. CHANDLER et al., Appellants, *v.* THE SHEEP ROCK MINING AND MILLING COMPANY et al., Respondents.

Corporation—Board of Directors—Capital Stock—Assessment —Injunction.

1. For a decision of the question as to who constitutes the lawful board of directors of the defendant corporation, reference is made to the case of *Coit* v. *Freed* (decided at the present term), 15 Utah 426.

2. Where an assessment on the capital stock of a corporation has been made by a board of directors *de jure,* and there is no question as to any irregularity in the levy, or any want of authority on the part of the lawful board to make it, the assessment will be held valid, and an injunction to restrain its collection denied.

(No. 816.    Decided June 26, 1897.)

Appeal from the Third district court, Salt Lake county. Ogden Hiles, *Judge.*

Action by John W. Chandler and others against the Sheep Rock Mining & Milling Company and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Frank Pierce,* for appellants.

*Moyle, Zane & Costigan,* for respondents.

Bartch, J.:

This was a proceeding to obtain an injunction against the defendants to restrain them from collecting a certain assessment which had been levied upon the capital

stock of the defendant company on February 28, 1896, and from selling the stock of the plaintiffs to satisfy the assessment. The grounds on which the suit was based are that the assessment was levied by a board of directors illegally elected to office, and that another action was pending to determine whether those persons who made the assessment constituted the lawful board of directors of the company. In the action so pending the trial court determined that the board in question was legally constituted, and then, in the trial of this cause, found that the assessment was lawful, and dismissed the action, and the plaintiffs appealed.

The appellants contend that the assessment in controversy herein is invalid, and that its collection should be enjoined, because, as they claim, it was made by a usurping board of directors. The question whether the directors who levied the assessment constituted the lawful board of the defendant company was presented in the case of *Coit* v. *Freed*, 15 Utah 426. That is the action above referred to as pending when this suit was brought. We there held that they constituted the lawful board, and for our opinion on this point we refer to that case. The assessment, therefore, having been made by a board *de jure*, and there being no question raised as to any irregularity in the levy, or any want of authority on the part of a lawful board to make the levy, it must be held valid. Hence the court was justified in denying the injunction and dismissing the action. We perceive no error in the record. The judgment is affirmed.

MINER, J., and CHERRY, District Judge, concur.