C. W. MILES ET AL., RESPONDENTS, v. SHEEP ROCK MINING & MILLING COMPANY ET AL., APPELLANTS.

CORPORATION—CAPITAL STOCK—ASSESSMENT—INJUNCTION.

1. For a decision of the question as to who constitutes the lawful board of directors of the defendant corporation reference is made to the case of *Coit* v. *Freed*, 15 Utah 426, and for a decision of the question whether a certain assessment made by that board was valid reference may be had to the case of *Chandler* v. *Milling Co.*, 15 Utah 434.

2. No subsequent assessment can be levied on the capital stock of a corporation under section 2376, Comp. Laws Utah, 1888, until the power of the corporation has been exercised to collect any previous one which remains unpaid, unless the collection of such previous assessment has been prohibited by injunction, so that it can be of no avail to the corporation.

3. Where the collection of an assessment on such stock is enjoined merely by a restraining order issued pending an order to show cause why a temporary injunction should not issue until a final determination of the suit, it does not affect the validity of the assessment, but simply suspends the power to collect it until the day for the hearing of the order to show cause; and if upon the day so fixed there is no appearance of parties, and no continuance of the hearing or of the motion for the injunction, such restraint upon the collection of the assessment is at an end.

(No. 817. Decided July 1, 1897.)

Appeal from the Third district court, Salt Lake county. Ogden Hiles, *Judge.*

Action by C. W. Miles and others against the Sheep Rock Mining & Milling Company and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Frank Pierce*, for appellants.

*Moyle, Zane & Costigan*, for respondents.

BARTCH, J.:

In this case, as appears from the complaint, application was made for the appointment of a receiver to take charge of and manage the business of the defendant Sheep Rock Mining & Milling Company, and for an injunction to restrain the directors of the corporation, who are defendants herein, from proceeding to collect an assessment which they levied upon its capital stock on November 20, 1896, and for a temporary restraining order pending an order to show cause. Upon the filing of the complaint and proper undertaking the court issued a temporary restraining order, as prayed for, and at the trial of the cause granted an injunction perpetually enjoining the directors of the corporation from collecting such assessment. This action of the court has been attacked by appeal, but there has been no question raised as to the disposition of the application for the appointment of a receiver. It appears from the record that the former board, on February 28, 1896, levied an assessment on the capital stock of the corporation. That assessment was paid by some of the stockholders, and others brought suit to enjoin its collection, and obtained a temporary restraining order, pending an order to show cause, on a certain day, why a temporary injunction should not issue, until the final determination of that suit. Afterwards another board of directors was elected, and it, on November 20, 1896, attempted, by resolution, to rescind the assessment of February 28th, and levied the assessment in controversy herein. It is insisted for the appellants that the former assessment was invalid on the ground that it was made by a usurping board of directors. The

question of the legality of the board which made that assessment was presented in the case of *Coit* v. *Freed* 15 Utah 426, and we there held that the board was lawfully constituted; and in *Chandler* v. *Milling Co.*, 15 Utah 434, we held that the former assessment was valid. The decisive question to be considered in this case, therefore, is whether a new assessment can be levied on the capital stock of a private corporation in this state before the powers of the corporation are exhausted for the collection of an outstanding assessment, when its collection has been restrained temporarily in another suit pending an order to show cause why a temporary injunction should not issue. Counsel for the appellants contend that the restraining order issued to enjoin the collection of the assessment of February 28, 1896, was in full force on November 20, 1896, when the last one was made, and that it was as effectual, under our statute, to prohibit the collection of the former assessment, as a perpetual injunction, and that, therefore, the last one was properly levied, and was valid, even though the former was not properly rescinded. Section 2376, Comp. Laws Utah, 1888, provides: "No assessment shall be levied while a portion of a previous one remains unpaid, unless: 1. The power of the corporation has been exercised in accordance with the provisions of this chapter for the purpose of collecting such previous assessment. 2. The collection of such previous assessment has been enjoined." Under these provisions, no subsequent assessment can be levied until the power of the corporation has been exercised to collect any previous one which remains unpaid, unless the collection of such previous assessment has been enjoined. This doubtless means that when its collection has been prohibited by injunction, so that the assessment can be of no avail to the corporation, then

another assessment may be levied, and in such event it requires no action of the board to rescind the former one. Where, however, a restraining order is issued pending an order to show cause why a temporary injunction should not issue until the final determination of the suit, it does not affect the validity of the assessment, but simply suspends the power to collect it, until the date fixed for the hearing on the order to show cause. If upon the date so fixed there is no appearance of the parties, and no continuance of the hearing on the motion for the injunction, the restraining order falls with the motion, and the restraint upon the collection of the assessment is at an end. Under such circumstances it requires no order of court to dissolve the restraining order. Its life ceases with that of the motion, for such an order is not intended as an injunction *pendente lite*, and is not an injunction within the meaning of the provision of the statute above quoted. *San Diego Water Co.* v. *Pacific Coast Steamship Co.*, 101 Cal. 216; *Hicks* v. *Michael*, 15 Cal. 107.

In this case it appears from the record that the restraining order in question was issued on January 30, 1895, and the order to show cause was made returnable on March 2d of the same year, and, while it is insisted for the appellants that such order was still in force on November 20, 1896, when the last assessment was levied, there is nothing in the record to show how, or by what action or authority, it was continued in force. In the absence of any such showing, we must assume that the order remained in force only until the time fixed for the hearing of the order to show cause. Such being the case, there was no restraint on the board of directors to prohibit them from exercising the power of the corporation to collect the assessment of February 28, 1896, and therefore the assessment which the board levied on November

20th of that year, while a portion of the former one remained uncollected, was null and void. The attempt to rescind the former assessment cannot avail the appellants, because, under the circumstances disclosed by the record, the directors had no authority to release a portion of the stockholders from the payment of an assessment after others had paid the amount levied on their stock. To uphold such action under such circumstances would be to countenance a breach of trust on the part of the directors of a corporation. The injunction in this case was properly granted. The judgment is affirmed.

MINER, J., and CHERRY, District Judge, concur.