## Ex Parte GRIMES *et al.*

No. 67.   Opinion Filed March 12, 1908.

(94 Pac. 668.)

1.   **INJUNCTION—Restraining Order Distinguished—Bond.** The fact that a bond is required by the court and given by the party applying for a restraining order at the time of its issuance will not have the effect of changing the same to a temporary injunction. It is the better practice to require bond in all such cases.

2.   **SAME—Contempt—Violation of Restraining Order—Expiration of Order.** Where a restraining order fixes a day certain for the parties against whom it is secured to appear and show cause why a temporary injunction should not issue, and at the time thus fixed neither the parties nor the court take any action, the order thereby spends its force and is of no further validity, and a judgment holding a party in contempt for the violation of its terms is void, and he is entitled to be released on habeas corpus.

3.   **SAME—Revival of Order.** Where a restraining order has spent its force by reason of no action taken on the day set to show cause, the belief of the parties to the suit that it is still effective and a motion filed by defendants for its vacation will not revive it for or against either of them.

4.   **SAME—"Until Further Orders of this Court."** The words, "Until the further orders of this court," contained in a restraining order in conjunction with a day set for a hearing on which parties are required to show cause, if any, why a temporary injunction should not issue against them, have no other or further meaning than "in the meantime." Any other construction would be inconsistent with the very object of the requirement to show cause.

(Syllabus by the Court.)

Application of Lewis C. Grimes and L. C. Grimes, Jr. for a writ of *habeas corpus.* Writ granted.

On April 11, 1905, on petition and affidavits duly filed in the office of the clerk of the district court of Oklahoma county, Hon. B. F. Burwell, judge of said court, granted an order, entitled "Restraining Order" against Lewis C. Grimes and L. C. Grimes, Jr., *et al.,* which was in words and figures as follows, to wit:

"Now on this 11th day of April, 1905, the above entitled matter comes on to be heard before the undersigned, B. F. Burwell, judge of the above-entitled court, the said plaintiff appearing by his attorneys, J. H. Everest and C. F. Smith, and the court having examined the petition duly verified by the plaintiff and

the supplementary affidavit sworn to by said plaintiff and filed herein, finds that said petition and affidavit has been duly filed in the office of the clerk of this court, and that said petition and affidavit show the said plaintiff to be entitled to a temporary restraining order, pending the hearing upon the application for a temporary injunction herein, upon the execution of a good and sufficient bond in the sum of one thousand dollars, to be approved by the clerk of this court and filed with said clerk.

"It is therefore ordered by the court that the said defendants, Lewis C. Grimes, L. C. Grimes, Jr., Frank Curry and Roe Curry, and each of them, are hereby forbidden and restrained from going upon, trespassing upon, or in any way interfering with the said plaintiff in the use and possession of the land described in said plaintiff's petition, to wit, the east one-half (E.½) of the northwest quarter (N. W. ¼), and the west half (W. ½) of the northwest quarter (N. W. ¼), and the west one-half (W. ½) of the northeast quarter (N. E. ¼), all in section twenty-four (24), township twelve (12) north, of range (1) east, in Oklahoma county, territory of Oklahoma, until the further orders of this court, and that the hearing upon the application of said plaintiff for a temporary order herein be and hereby is set for April 22, 1905, at 9 o'clock a. m., before the above-entitled court, at Oklahoma City, said county and territory, and the said Lewis C. Grimes is hereby restrained and forbidden either by himself or through his agents,servants, employes, tenants and any and all other persons acting by, through, or under his authority, from plowing up and cultivating any portion of said lands, or from destroying or harvesting any of the crops now growing on said lands, and from in any way interfering with the plaintiff Levi J. Pipher, in the quiet use and enjoyment of the said lands and premises until the further orders of this court or the judge thereof, and the hearing upon said application for a temporary injunction herein, provided, however, that this order shall not take effect until said plaintiff shall have executed and filed with the clerk of this court a good and sufficient bond with sureties, to be approved by the clerk of this court, in the sum of one thousand & no-100 dollars. conditioned that he will pay to the said defendants any and all damages which they may sustain if this order shall have been wrongfully obtained and issued.

"And the said defendants and each of them are hereby commanded to appear before the undersigned judge of the above-entitled court at 9 o'clock a. m. of the 22nd day of April, 1905,

and then and there show cause, if any, why a temporary injunction shall not issue herein against them, pending the final hearing and disposition of this cause.          B. F. BURWELL,

"Judge, Third Judicial District."

The bond given as required by the order was approved by the clerk, but at the time, the 22d day of April, 1905, when the hearing was ordered to take place as provided for in the order, no action of any kind was taken by the parties or the court. On the 21st day of June, 1905, the defendants filed a verified motion and answer to vacate and set aside and declare for naught the said restraining order. Reply was filed in this case, but no further action was taken until on January 7, 1908, when the plaintiff Levi J. Pipher, filed his affidavit in the office of the clerk of the district court of Oklahoma county setting up a violation of the restraining order, and Hon. George W. Clark, judge of the district court of Oklahoma County, issued an· order to Lewis C. Grimes, and L. C. Grimes, Jr., citing them to appear before him on the 10th day of January, 1908, or as soon as counsel could be heard to show cause, if any, why they should not be punished for contempt by reason of their disregard and violation of the order of the court above set out. On this citation, such things were had and done and such action taken that on the 8th day of February, 1908, the said court, Hon. Joseph G. Lowe, presiding judge, entered judgment against the said parties holding them guilty of contempt, and committing them to the custody of the sheriff of Oklahoma county until a fine assessed and the costs of the proceeding were paid, and until they made restitution of the premises in question, and made bond in the sum of one thousand dollars ($1,000) to obey the restraining order which they were charged with violating.

*J. M. Adams, Jr.,* and *Blakeney & Maxey,* for petitioners.

*Chas. J. West, W. C. Reeves, J. H. Everest,* and *C. F. Smith,* for respondent.

DUNN, J. (after stating the facts as above). This cause is before us on application for writ of *habeas corpus,* the parties claiming their right to discharge, and alleging, among other

things, that, "at the time designated in the restraining order, these defendants had appeared by counsel in the district court of Oklahoma county at place designated in Oklahoma City, therein, but that no further order was made in the said action, and that no temporary injunction was ever issued, and that said restraining order had become inoperative and was of no force and effect and had expired," and hence that the judgment of the court issued therein was a nullity and void. The respondent in this case takes the position that the order granted by Judge Burwell on the 11th day of April, 1905, for the violation of which the petitioners are held in contempt, was a valid, existing order of injunction in January, 1908, at the time of the alleged violation. The petitioners, on the other hand, base their claim to a writ of *habeas corpus* and to release upon the proposition, as above stated, that the order was a mere restraining order, whose force was spent and expired on no action being taken on the 22d day of April, 1905, when they were cited to show cause, if any, why a temporary injunction should not issue against them. These two contentions make necessary the scrutinizing of the law as well as the order to determine its force and effect.

Section 4425, of Wilson's Revised & Annotated Statutes of Oklahoma for 1903, under the subject "Injunction," reads as follows:

"When it appears, by the petition, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or when, during the litigation, it appears that the defendant is doing ,or threatens, or is about to do or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

Under the terms of this statute a temporary injunction may be granted without notice to the parties on whom it is to operate. This section, however, must be read in conjunction with section 4429, Wilson's Rev. & Ann. St. 1903, which provides that "no in-

junction, unless otherwise provided by special statute, shall operate until the party obta the same shall give an undertaking." The other paragraph, under the subject of "Injunction," requiring consideration by virtue of this order, is section 4427, Wilson's Rev. & Ann. St. 1903, which reads as follows:

"If the court or judge deem it proper that the defendant, or any party to the suit, should be heard before granting the injunction, it may direct a reasonable notice to be given to such party to attend for such purpose, at a specified time and place, and may in the meantime restrain such party."

Under which of these statutes was this order issued? Undoubtedly the temporary injunction mentioned in section 4425 is a writ of higher character than the restraining order mentioned in section 4427, for a writ issued under the former would be of no force, validity, or effect except on the execution of a bond by the parties securing the same, while no such rule seems to be specifically required by the statute in the latter case. The former embodies a restraint which continues, unless modified by the court, until the hearing of the cause, and then it is made either permanent or discharged altogether; while the latter, strictly speaking, is, not an injunction at all, but a writ of the court to compel parties to maintain the matters in controversy in *statu quo* until the question of whether or not a temporary injunction ought to issue may be determined. No bond is, by the statute, required on the issuance of a temporary restraining order, although many authorities hold that it is better practice to require it.

"According to the statutes of some of the states, a temporary restraining order may be granted pending the order to show cause, without requiring bond of the plaintiff; but it is always the better practice to require a bond." (10 Ency. P. & P. p. 1016, and cases cited.)

See, also, *Neumann and Neumann v. Moretti,* 146 Cal. 31, 79 Pac. 512; *Prader v. Purkett et al.,* 13 Cal. 588.

From these authorties it will be observed that the fact that a bond may be required or is given will not in itself change the character of a restraining order to that of a temporary injunction;

indeed, in a great majority of cases, the bond seems to have been required and given.

· Under the terms of the statute, the court may direct a reasonable notice to be given to the party against whom an injunction is sought, and may in the meantime restrain him; and this either with or without a bond in its discretion, and in either event the character of the order remains the same. The question which now presents itself is, what effect will the restraining order have after the day on which the court cites the parties to appear to show cause why a temporary injunction should not be issued, when neither of them appears on that day and no further action of any kind or character is taken? The authorities seem to be reasonably uniform upon the question, and all sustain with apparent unbroken regularity the holding that it dies, and has no force and validity after that date, even though neither of the parties nor the court take any action.

"A restraining order is an order granted to maintain the subject of controversy in *statu quo* until the hearing of an application for a temporary injunction. It may be issued before notice to defendant in order to prevent irreparable injury pending the hearing Its purpose is merely to suspend proceedings until there may be an opportunity to inquire whether any injunction should be granted, and it is not intended as an injunction *pendente lite;* hence its duration should be limited to such a reasonable time as may be necessary to notify the adverse party, especially where defendant is likely to be damaged by delay. A restraining order ceases to be operative at the expiration of the time fixed by its terms; or if at the time fixed by it to show cause there is no appearance by either party, and the motion for injunction is not continued or kept alive in any mode, although there is no order of dissolution, and although the restraining order provides that it shall be effective until further order." (22 Cyc. p. 745.)

In a case from Utah, *Miles v. Sheep Rock Mining & Milling Company,* 15 Utah 436, 49 Pac. 536, the court issued a restraining order against the collection of an assessment levied on certain stock. A day was fixed allowing the parties to show cause why a temporary injunction should not be granted, and the court, in

considering the facts in connection with the restraining order, says:

"If upon the date so fixed there is no appearance of the parties, and no continuance of the hearing on the motion for the injunction, the restraining order falls with the motion, and the restraint upon the collection of the assessment is at an end. Under such circumstances it requires no order of court to dissolve the restraining order. Its life ceases with that of the motion, for such an order is not intended as an injunction *pendente lite,* and is not an injunction within the meaning of the provision of the statute above quoted."

The statute of Utah relating to temporary restraining orders is practically the same as that of Oklahoma, and is as follows:

"If the court or judge deem it proper that the defendant, or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunction should not be granted; and the defendant may in the meantime be restrained." (2 Comp. Laws Utah, 1888, § 3304.)

The case of *State of Nebraska ex rel. George H. Downing, v. Greene, Dist. Judge,* 48 Neb. 327, 67 N. W. 162, was an original application for writ of mandamus in the Supreme Court of the state of Nebraska to compel the respondent, as judge of the Twelfth judicial district, to fix the amount of a supersedeas bond to be given by relator, who had bought out the laundry business of one Lewis *et al.* under the agreement that they would not again engage in such business. On a violation of this contract, relator sought to enjoin them, and secured from the county judge a restraining order, who set the hearing thereon for a day certain. Bond was required and given as in the case at bar. The statutes of Nebraska relating to temporary injunctions and restraining orders are precisely the same as the statutes of Oklahoma. In the consideration of the case, the court said:

"Clearly no temporary injunction was granted by the county judge. He merely issued an order restraining the defendants from conducting the laundry business until the application for a temporary injunction could be heard by the district court or the judge thereof, and fixed a time for such hearing. No such hearing was had at the time designated, and therefore the restraining

order by its own limitation ceased to have any binding force and effect, and could not be revived and continued in force by 'the giving of a supersedeas bond."

The case of *San Diego Water Company v. Pacific Coast Steamship Company,* 101 Cal. 216, 35 Pac. 651, was an action upon an undertaking given in a suit by the steamship company against the plaintiff, and upon which the individual defendants were sureties. In that case a restraining order was obtained in support of which the bond was executed. A day was fixed on which the parties were cited to show cause why a temporary injunction should not be issued. No appearance was made, and the court said:

"This order contained a clause restraining the defendant 'pending this order to show cause and until the further order of this court.' There was no appearance by either party at the time the order to show cause was returnable nor was the motion for an injunction continued or kept alive in any mode. The restraining order, therefore, which is only authorized to be made pending the motion, fell with the motion. Code Civ. Proc. § 530; *Hicks v. Michael,* 15 Cal. 107. In the last case Judge Field says that an order dissolving such a restraining order is not necessary. It ends naturally with the motion."

From these authorities it will be observed that in a case where the order issued comes within the provision of the statute governing a restraining order, and nothing is done on the day set for the hearing to continue or keep it alive in any way, it then becomes a nullity and of no force and validity to restrain the party in any particular, and, as Judge Field says, "an order dissolving it is not necessary. It ends naturally with the motion."

It being seen from the authorities above cited that the giving of a bond will not change the character of a restraining order into that of a temporary injunction, and that such restraining order is of force and effect only until the date set for the hearing, we now come to the question of whether or not there was in the order granted in this case anything which created of it a temporary injunction, thereby taking it out of the rule governing restraining orders. If not, the fact that the relators filed a motion to

dissolve and believed it to be operative will not have force to create an injunction where none would have existed otherwise. This, however, is the contention of respondent, and he relies to sustain it upon the proposition that the order contained the following language:

"It is therefore ordered by the court that the said defendants Lewis C. Grimes and L. C. Grimes, Jr., * * * and each of them, are hereby forbidden and restrained from going upon, trespassing upon, or in any way interfering with the said plaintiff in the use and possession of the land described in said plaintiff's petition, to wit: * * * *until the further orders of this court,* * * * and the said Lewis C. Grimes is hereby restrained, etc., * * * from in any way interfering with the plaintiff Levi J. Pipher in the quiet use and enjoyment of said lands and premises *until the further orders of this court or the judge thereof,* and the hearing upon said application for a temporary injunction."

The question now arises, independent of any other recitals in said order, what is the effect of the language contained therein, to wit, "until the further orders of this court," and the further phrase, "until the further orders of this court or the judge thereof"? Do those provisions create of this order a temporary injunction, or is such language restricted and limited in its scope by the inherent character of the order itself?

The case of *Hicks v. Michael,* 15 Cal. 107, was one wherein the county judge issued a restraining order which on the day set for the hearing thereof was set aside, and the plaintiffs asked for a supersedeas to hold the restraining order in effect until the trial of the cause. This suspensive appeal bond, as it was called, was denied, and this case was brought to compel the judge to allow such bond. Chief Justice Field, in delivering the opinion, says:

"Upon the complaint in this cause, application was made for an injunction. The county judge, to whom the application was made, issued an order upon the defendants, returnable on the 29th of October, to show cause why an injunction should not issue as prayed for, and restraining them from the commission of the acts which are the subject of complaint, 'until the hearing of the whole matter.' The hearing upon the order was continued until the 8th of December, when by the consent of the parties, it was brought

on before the district judge, who, after argument, refused the injunction, and dissolved the restraining order. * * * The restraining order expired by its own limitation. It was issued under the provisions of the one hundred and sixteenth section of the practice act, and was intended only as a restraint upon the defendants until the propriety of granting the provisional remedy of a temporary injunction could be determined, after hearing the parties. The concluding words of the order do not operate to change it into an injunction pending the suit. They only refer to the whole matter on the motion, and not to the whole matter in controversy. The construction insisted upon by counsel is inconsistent with the very object of the requirement to show cause. The direction of the district judge that the restraining order be dissolved was unnecessary, and was probably inserted out of abundant caution."

Section 16 of the practice act referred to is very similar to our statute on restraining orders, and is as follows:

"If the court or judge deem it proper that the defendant or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunction should not be granted; and the defendant may, in the meantime, be restrained."

It will be noted that the same language is contained in the statute—"in the meantime"—as is used in our own statute. The order issued in this case did not contain the language of the order in the case at bar "until the further orders of this court." but contained the language, as above set out, "until the hearing of the whole matter." As is seen, it is contended that this language changed the restraining order into a temporary injunction pending suit, just as is contended in the case at bar that the language, "until the further orders of this court," changed this restraining order into a temporary injunction, and the court in that case, as might well be said in this one, said "the construction insisted upon by counsel is inconsistent with the very object of the requirement to show cause."

In another case from California, *Curtiss v. Bachman*, 110 Cal. 433, 42 Pac. 910, 52 Am. St. Rep. 111, wherein it was sought to recover damages sustained by virtue of a temporary injunction is-

sued in a prior suit, the restraining order contained the same language as the restraining order in the case at bar, to wit, that the defendant be restrained "until the further orders of this court." The court construes this language in the following quotation:

"When the plaintiff, at the commencement of the action, applied for the injunction, the court deemed it proper that the defendant should be heard before granting the writ, and made an order to that effect. Upon this application, the judge was authorized to restrain the defendant 'in the meantime.' Code Civ. Proc. § 530. The provision in the order restraining the defendant 'until the further order of the court' had no other meaning than 'in the meantime,' or until the decision upon the order to show cause. *Sweet v. Mowry,* 71 Hun. 381, 25 N. Y. Supp. 32."

An inspection of the case cited in support of the decision just quoted, *Sweet v. Mowry,* 71 Hun. 381, 25 N. Y. Supp. 32, discloses that the restraining order granted in that case likewise contained the language "until the further order of the court," and in construing it the court held that it had no other meaning or force than is allowed in the language "until the hearing and decision of the application," which is equivalent to the language of our statute "in the meantime." To render the matter clearer, we quote the following from the decision of the court:

"When the application for an injunction was first made, the judge had the right to deny it until notice of the application was given the defendants, or he might then grant an order requiring them to show cause why such injunction should not be granted. Whichever course he took, he had the right to then 'enjoin the defendants until the hearing and decision of the application.' Code Civ. Proc. § 699. In this case, he made an order to show cause, and enjoined the defendants until the further order of the court. * * * Although the order made June 7th, in terms, is to continue 'until the further order of the court,' we give it no other meaning or greater force than is allowed it by section 609 —that is, 'until the hearing and decision of the application'— and therefore we say that when such decision was made, whichever way it might be, an order would be made that would supersede the restraining order already granted."

It is the fundamental inherent difference in the character of

relief granted in a restraining order from that granted in a temporary injunction which causes the courts, notwithstanding the fact that the order contains provisions similar to "until the ·further orders of this court," and like clauses, to adhere to the restraining character of the order and deny it the force and vigor of an injunction. For, as is said in the case of *San Diego Water Co. v. Pacific Coast Steamship Company, supra*:

"The restraining order is a restraint of the same nature as an injunction, but the statute not only does not designate it as an injunction, but discriminates between it and an injuction. It is a restraint pending the consideration of the court as to whether the party is entitled to a preliminary injunction."

The distinction is made clear and marked in a Nebraska case, *State of Nebraska ex rel. Plattsmouth Telephone Co. v. Baker,* 62 Neb. 840, 88 N. W. 124. The Nebraska statutes on injunctions and restraining orders as above noted are precisely the same as the Oklahoma statutes on the same subjects, and the court, in drawing the distinction between a restraining order and a temporary injunction under these statutes, speaks in such clear, comprehensive language as to leave no further doubt in the case at bar:

"By section 253, it is provided that: 'If the court or judge deem it proper that the defendant, or any party to the suit, should be heard before granting the injunction, it may direct a reasonable notice to be given to such party to attend for such purpose at a specified time and place, and may, in the meantime, restrain such party.' This section is not difficult of construction. When it is deemed proper that the defendants shall have notice of the application and be so heard before the injunction is granted, the judge may so direct and in ¨the meantime restrain the party from doing the things complained of. By referring to the order heretofore set out, it will be noticed that the judge found the petition sufficient to grant a temporary order of injunction, and on consideration of the petition alone the order was issued. The order does not by its terms indicate or contemplate that a further hearing on the application was to be had before the application was finally acted upon; and herein, in our judgment, lies the chief distinguishing characteristics between a 'temporary order of injunction' and a mere 'restraining order.'  *  *

\* The difference in the office and purposes of a temporary order of injunction and of a restraining order pending a hearing on the application for an injunction is well defined by statute, and there should be no room for doubt as to which is issued at the beginning of the action. If a further hearing is deemed advisable, this may very easily be expressed in unmistakable terms, and the temporary restraining order could only be regarded as issued for the purpose of restraint until the contemplated hearing was had. Each of the two writs has certain well-defined characteristics which distinguish the one from the other, and there ought to be no reason or opportunity for confusion as to which was intended to be issued."

See, also, *San Diego Water Co. v. Pacific Coast Steamship Co., supra; Houghton, Trustee, v. George B. Cortelyou, Postmaster General.* (decided Jan. 20, 1908) 208 U. S. 149, 28 Sup. Ct. 234, 52 L. Ed.—

In addition to the observations above made showing the limitations placed by the courts upon such language as "until the further orders of this court." etc., contained in restraining orders in which this language is held equivalent to "in the meantime," and in addition to the observation of the Nebraska court in which it holds that "the chief distinguishing characteristics between a temporary order of injunction and a mere restraining order" depends upon the question of whether or not the order appears in itself to be a finality or whether there is to be a future hearing to determine whether or not an injunction *pendenre lite* shall be issued, we call attention to the statement of the court in the order under consideration "that said petition and affidavit show the said plaintiff to be entitled to a temporary restraining order pending the hearing upon the application for a temporary injunction herein," which in connection with the authorities above collated makes clear in our minds the correctness of our conclusion that the order issued was merely a restraining order and expired by limitation on the 22d day of April, 1905, the time when the parties were cited to appear and show cause, if any, why a temporary injunction should not issue against them.

The writ of *habeas corpus* is awarded, and the prisoners or-

dered released from custody under the commitment by which they are now held, with their costs.

All the Justices concur.