LITTLE BOBTAIL GOLD MINING CO. V. LIGHTBOURNE AND
OTHERS.

Section 30 of the Colorado act of March 14, 1877, providing for the
formation of corporations, which provided for service of summons
in suits against them, was repealed by implication by the act of
March 17, 1877, providing "a system of procedure in civil cases in
courts of justice," section 37 establishing a new method of service.

*Error to County Court, Gilpin County.*

JAMES E. LIGHTBOURNE and L. S. Newell, partners as
the Gilpin Coal, Feed & Lumber Company, plaintiffs,
sued the Little Bobtail Gold Mining Company, defend-
ant.   Judgment for plaintiff.   Defendant appealed.

Messrs. TILFORD and GILMORE, for plaintiff in error.

STALLCUP, C.   The plaintiff in error was a corporation
and was defendant below.   A question as to the validity
of the service of the summons upon it is presented for
consideration here.   The service of summons, as shown
by the return thereon, was made on J. H. Bowan, gen-
eral manager and agent of the defendant.   The question
presented is disclosed by the following assignment of
error: "It did not appear from the return of the sheriff
on the summons that the service of the summons was
made in the county where the principal office of the cor-
poration is kept, or its principal business carried on, by
delivering a copy to the president thereof, or, in the case
of his absence from such county, that the service was
made on either the vice-president, secretary, treasurer,
cashier, general manager, general superintendent or
stockholder of such corporation, and no excuse is shown
why service was not so made as aforesaid."

An act of our legislature, entitled "An act to provide
for the formation of corporations," was approved March
14, 1877; section 30 of which act provided as follows:
"In suits against any corporation, summons shall be

served in that county where the principal office of the corporation is kept, or its principal business carried on, by delivering a copy to the president thereof, if he may be found in said county; but if he is absent therefrom, then the summons shall be served in like manner in such county on either the vice-president, secretary, treasurer, cashier, general agent, general superintendent or stockholder of said corporation within such time and under such rules as are provided by law for the service of such process in suits against real persons; and if no such person can be found in the county where the principal office of the corporation is kept, or in the county where its principal business is carried on, to serve such process upon, a summons may issue from either one of such counties, directed to the sheriff of any county in this state where any such person may be found, and served with process." An act of the same legislature, entitled "An act to provide a system of procedure in civil actions in courts of justice in the state of Colorado," was approved March 17, 1877; section 37 of which act provides as follows: "If the suit be brought against a corporation, service shall be made by delivering a copy of the summons to the president or other head of the corporation, or to the secretary, cashier, treasurer or general agent thereof; but, if no such officer of the corporation can be found in the county, service may be had on any stockholder of such corporation. If the suit be against a foreign corporation, or a non-resident joint-stock company or association, doing business within the state, service shall be made by delivering a copy of the writ to an agent, cashier or secretary thereof; in the absence of such agent, cashier, treasurer or secretary, to any stockholder."

It is apparent that plaintiff in error relies upon the provisions of the former act. But the service was made under the provisions of the latter act, and was in accord therewith. The provisions of the former act in this re-

gard were repealed by the provisions of the latter act. This presents an instance of undoubted repeal by implication, as the title to, and the language employed in, the latter act, upon this subject, are as comprehensive, direct and effective in entirely extinguishing the provisions of the former act upon the same subject as any direct expression to that effect would be.   The judgment should be affirmed.

We concur:   MACON, C.; RISING, C.

BY THE COURT.   For the reasons assigned in the foregoing opinion the judgment of the county court is affirmed.

*Affirmed.*