## TABOR ET AL. V. GOSS & PHILLIPS MFG. CO.

| 11 | 419 |
| 7a | 350 |
| 11 | 419 |
| 11a | 269 |
| 11 | 419 |
| f13a | 477 |
| 11 | 419 |
| 27 | 38 |

1. Under the General Laws, section 201, providing that a stockholder in a corporation shall be liable for its debts to the extent of his unpaid stock, and section 212, providing that a suit in equity may be brought against a stockholder of a corporation that has dissolved or ceased to do business, leaving debts unpaid, by joining the corporation and the stockholders in such suit, a complaint in an action on an insurance policy joining the company and several stockholders as defendants, and alleging that the company had ceased to do business, leaving debts unpaid, does not misjoin the parties, and a separate judgment may be rendered against a stockholder in the same suit.

2. In an action against an insurance company and a stockholder joined as defendants under the General Laws, section 212, requiring such joinder in case the corporation has ceased to do business leaving debts unpaid, the jurisdiction of the court to render judgment against the company and a separate judgment against the stockholder in the same suit having been established, there was no error in the admission of the policy, and the judgment against the company, in evidence of damages, and the rendition of judgment against the stockholder.

3. The failure to show, in the return on a summons served upon a corporation, that service was had in the county where said company kept its principal office or carried on its principal business, does not render the return defective; the law in force at the time of service not containing such requirements.

4. In an action against a corporation, a complaint stating the full amount of capital stock, and the amount subscribed by four stockholders, joined as defendants, does not imply that all the stockholders were joined, or that the stock subscribed by them was the total amount subscribed; and the fact that all the capital stock was not subscribed, not appearing in the complaint, cannot be reached on demurrer, but must be pleaded in defense.

5. In an action against an insurance company by a foreign corporation, where the only business done by plaintiff in the state where the action was brought related to the policy of insurance, the objection that such corporation has not complied with the statutes in regard thereto will not be regarded.

6. Under the Civil Code, section 35, providing that the summons shall state the cause and general nature of the action, a summons in an action against an insurance company stating the amount sued for, that it was due on a certain policy of insurance described in the complaint, and that interest was claimed from November 4, 1882, is not deficient as failing to show the cause and general nature of

the action; the plaintiff named being the party insured, the defendant the insurance company that issued the policy, and November 4, 1882, being the day on which the officers of the company acknowledged the receipt of proof of loss.

7. In an action on a policy of insurance, the omission to allege in the complaint an insurable interest in plaintiff at the time of insurance is not ground for demurrer, but such issue must be raised in the answer; the policy itself being *prima facie* proof of such interest.

8. A complaint in an action against an insurance company alleging that defendant insured certain property of plaintiff, the total destruction of the property by fire, the loss incurred, that proof of loss was received by the company without objection, that the fire did not happen from any cause mentioned in the policy as relieving the company from liability, and that it occurred without fault of the insured, is not demurrable on the ground of a failure to allege performance of the conditions of the policy by the insured.

9. Where a certified copy of a summons obtained from the clerk of the court below, and purporting to have been served on defendant, is deficient in naming the parties, but the copy of the summons certified to the court in the transcript of the record as served on the defendant does not show such deficiency, an objection that the summons served in the action did not name the parties will not be considered.

## *Error to Superior Court of Denver.*

On the 16th day of March, 1883, the Goss & Phillips Manufacturing Company, a foreign corporation, filed a complaint in equity in the superior court of the city of Denver against the following defendants, to wit: The Tabor Fire Insurance Company, H. A. W. Tabor, C. C. Howell, Birks Cornforth and A. C. Fisk. The complaint charged that the Tabor Fire Insurance Company was a corporation organized, under the laws of Colorado, on the 31st day of May, 1881, for the purpose of insuring against loss by fire; that the capital stock was $500,000, divided into five thousand shares of $100 each; that the defendant Tabor subscribed for two hundred shares, or $20,000; that he had paid $5,000, and no more, and was indebted, upon his subscription, in the sum of $15,000, and interest thereon. The complaint further charged that Howell had subscribed for seventy-five shares, or

$7,500, of the capital stock, had paid only $750, and was still indebted in the sum of $6,750, with interest thereon; that Birks Cornforth subscribed ten shares, or $1,000, had paid $200, and still owed the company $800 and interest; that Fisk subscribed ten shares, or $1,000, had paid $100, and still owed $900 and interest. It is then charged that the Tabor Fire Insurance Company, on January 1, 1882, insured, for the term of one year, certain personal property of the plaintiff in its warehouse in Chicago, Ill., against loss or damage by fire, in the sum of $1,500, for a valuable consideration paid; that the property was wholly destroyed by fire on the 24th day of October, 1882, whereupon the company was duly notified, and proofs of loss furnished, as provided by the policy; that receipt of the proofs was duly acknowledged by the company, without any objections being made to them; and that the company, through its officers, promised to pay the loss, but had wholly failed to perform its promise.

It is further charged that the insurance company had entirely ceased to issue policies, or to do any other insurance business, and that it had dissolved its organization so far as it was in its power to do so, leaving the plaintiff's claim and other debts wholly unpaid. Judgment was prayed against the insurance company in the sum of $1,500, with interest and costs of suit, and likewise a separate judgment, against each of the other defendants named as stockholders, for the several sums remaining due and unpaid on their subscriptions to the capital stock of said company, with interest and costs; also that other just and equitable relief be granted the plaintiff. Upon filing the petition two writs of summons issued, one of which was served upon the officers of the defendant company, and the other upon the plaintiff in error, H. A. W. Tabor, and upon said A. C. Fisk. A return of "not found" was made as to said defendants Howell and Cornforth.

Judgment by default was rendered against the com-

pany, in favor of the plaintiff, April 21, 1883, in the sum of $1,569.47.   On April 24th defendant Tabor appeared by counsel and demurred to the complaint.   On May 17th counsel for plaintiff filed an amendment to said complaint, averring that the fire which destroyed plaintiff's goods did not happen from any of the causes specified in the policy of insurance as relieving the company from liability, or from any fault on part of plaintiff, and also averring that plaintiff recovered judgment against the said insurance company, April 21, 1883, upon said policy of insurance, in the sum of $1,569.47.

The record further recites that on September 1, 1883, the plaintiff appeared by its attorneys, and the defendant appeared by his attorney; and said defendant's demurrer "to the complaint as amended herein" was argued by counsel, and overruled by the court; also that defendant excepted to the ruling, refused to plead further, and elected to stand by his demurrer; whereupon a default for failure to answer the complaint was entered against him.   "And thereupon, on motion of plaintiff, this cause, as against said defendant H. A. W. Tabor, is submitted to the court upon the pleadings of the plaintiff, the policy of insurance sued upon, and the judgment heretofore rendered against the Tabor Fire Insurance Company herein, in favor of the plaintiff;" whereupon the court rendered judgment against the defendant Tabor in the sum of $1,635.69, and costs.

Mr. L. C. ROCKWELL, for plaintiff in error.

Messrs. STUART BROS., for defendant in error.

BECK, C. J.   This is a writ of error sued out and prosecuted by H. A. W. Tabor to reverse the judgment obtained against him in the superior court of the city of Denver by the Goss & Phillips Manufacturing Company. Three errors were assigned upon the record, viz.: *First,* the court below erred in overruling the demurrer inter-

posed by plaintiff in error; *second,* the court below erred
in admitting in evidence the judgment against the Tabor
Fire Insurance Company in the matter of assessing dam-
ages against the plaintiff in error; *third,* the court below
erred in admitting in evidence the policy of insurance.

The leading question to be determined is whether,
under the foregoing assignments, any error appears in
the record which entitles the plaintiff in error to a re-
versal of this judgment.    As shown by the statement of
facts, the plaintiff in error appeared to the action, and
demurred to the plaintiff's complaint.    His demurrer is
as follows: " *First,* it appears from said complaint that
said court has no jurisdiction, either of the parties afore-
said, or of the subject-matter set forth in the complaint;
*second,* because it does not appear from said complaint
that the plaintiff is lawfully entitled to maintain this
action in this state, nor to transact the business upon
which its said supposed cause of action is founded; *third,*
because the said complaint does not state facts sufficient
to be entitled to the relief prayed for therein; *fourth,* be-
cause there is a misjoinder of parties defendant in this, to
wit, that said defendants Tabor, Howell, Cornforth and
Fisk are improperly joined with the said insurance com-
pany; *fifth,* because the said complaint does not state facts
sufficient to constitute a cause of action against the de-
fendants; *sixth,* because the said complaint contains no
allegation of performance, on the part of the plaintiff, of
the conditions in said policy of insurance made incumbent
upon it; *seventh,* and for other good and sufficient rea-
sons apparent upon the face of said complaint."

The first and most important specification is that the
court below had no jurisdiction either of the parties or
of the subject-matter of the complaint.    If this be true
in its application to the plaintiff in error we need pro-
ceed no further.    It ends the controversy, and the judg-
ment, in that event, cannot stand.    What, then, are
these defects of jurisdiction?    It is contended on the part

of plaintiff in error that the summons served on the insurance company was so defective in form as to render it void; that said company not appearing to the action in the court below, the judgment rendered against it by default was a nullity. The defects relied upon as rendering the summons void are that it did not state "the parties to the action," or "the cause and general nature" of the action, as required by section 35 of the Civil Code.

The cause and nature of the action is thus stated in the writ: "The said action is brought to recover the sum of $1,500 due from the defendant to the plaintiff on a certain policy of insurance described in the complaint; also, for interest thereon at the rate of ten per cent. from the 4th of November, 1882." When it is considered that the plaintiff named in the summons was the party insured, that the defendant named therein was the insurance company that issued the policy, that the amount of the insurance was $1,500, and that the complaint alleges that the officers of the defendant company acknowledged the receipt of the proofs of loss made on the 4th day of November, 1882, it is difficult to understand wherein the summons fails to state the cause and general nature of the action. The case of *Smith v. Aurich,* 6 Colo. 388, is cited in support of the objections, but it does not seem to be in point. The court say of the writ involved in that case: "It notifies them (defendants) that money is claimed to an amount limited by the jurisdiction of the court, but whether the damages claimed arise by virtue of a contract entered into by the defendants, oral or written, or by reason of injuries done to person or property, or by other and what acts of defendants, is not stated." The writ in the present case, however, not only informs the defendant of the particular cause of action, the amount claimed, that it arose upon a policy of insurance, but even the date from which interest is claimed on the amount sued upon. We think it fully complies with the requirements of the statute in the particulars mentioned.

Another objection to the form of the writ is that it did not state the parties to the action; that the defendants therein are named thus: "The Tabor Fire Insurance Company and others." This charge does not seem to be borne out by the facts. The transcript filed contains copies of two writs of summons, one of which was served upon the insurance company, the other upon the plaintiff in error. The writ served upon the insurance company states in the title of the cause the names of all the parties to the action. But counsel says the record has been tampered with, and the summons altered; in proof of which he refers us to folios 19 and 20 of the transcript. Referring to the folios mentioned, they indicate erasures, and the insertion of words subsequently, as counsel says. That portion of the writ, however, which states the names of the parties to the action shows no erasures, nor is that portion of it found on either of the folios named, but on folio 15, where the cause is entitled thus: "*Goss & Phillips Manuf'g Co. v. The Tabor Fire Insurance Co., H. A. W. Tabor, C. C. Howell, Birks Cornforth and A. C. Fisk.*" There is no indication of erasures here, nor any charge that any change has been made in the names stated. Counsel for plaintiff in error procured from the clerk of the court below a certified copy of a summons purporting to have been served upon the defendant company in this cause, and filed it with the papers in the case for our inspection. It is entitled: "*Goss & Phillips Manufacturing Co. v. The Tabor Fire Insurance Company and others.*" Although this writ appears to have been served upon the insurance company, it is not a copy of the writ served upon it which has been certified to us in the transcript of the record. This is evident from the fact that it purports to have been executed by "M. Spangler, sheriff, by Wm. Wise, deputy," whereas the writ copied into the transcript, with a return of service on the insurance company, purports to have been executed by "M. Spangler, sheriff, by

C. H. Farmer, deputy." It does not appear, therefore, that there is any valid objection to the form of the writ in question. But it is said that the return thereto is fatally defective, in that "it did not appear that the service was had in the county where the company kept its principal office, or within the county where said company's principal business was carried on." This objection is based upon section 220 of the General Laws of 1877. The answer is that the law in force when this writ was served did not contain the above requirements in suits instituted in courts of record, as decided by this court in *Mining Co. v. Lightbourne*, 10 Colo. 429. Civil Code 1877, § 37.

The next jurisdictional question raised is that a stockholder cannot be joined as a defendant with the insurance company, and an original judgment be rendered against him in the same suit; that the statutory remedy against a stockholder is by way of garnishment, and in conformity with the procedure therein. This objection is to be determined by reference to the provisions of the statute on the subject. Section 201, General Laws, provides: "Each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided. Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time, to the extent of the balance unpaid by such stockholders upon the stock owned by them, respectively, whether called in or not, as in cases of garnishment." Section 212, so far as applicable, is as follows: "If any corporation, or its authorized agent, shall do any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution or decree of any court of record for a payment of money, after demand made by the officer, to be returned 'No property found,' or to remain unsatisfied for

ten days after such demand, or shall dissolve, or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit, and each stockholder may be required to pay such debts or liabilities to the extent of the unpaid portion of his stock."

This is a suit in equity against the corporation, and is governed by section 212. The original complaint alleges that the insurance company has ceased to do business, leaving debts unpaid, and that it has dissolved its organization so far as it was in its power to do so. These facts are admitted by the demurrer. The objections, therefore, as to the mode of procedure, and the separate liability of the plaintiff in error, cannot be sustained.

The next point relied upon as jurisdictional is that the whole of the capital stock of the insurance company was not subscribed, and for that reason the plaintiff in error was not liable for the amount of his unpaid subscription. Counsel argues, and cites authorities to the point, that where the amount of the capital stock is fixed by statute, or by the corporation under the requirements of the statute, as in this case, no liability to pay a subscription to the capital stock attaches to any subscriber until the whole amount of the stock is taken. Conceding this to be the law, it is matter of defense, and must be pleaded as such, unless it appears on the face of the complaint, when it may be reached by the specification of the demurrer that the complaint fails to state facts sufficient to constitute a cause of action. The third paragraph of the complaint alleges that the capital stock of the company was $500,000, and that it was divided in five thousand shares of $100 each; but we look in vain into the original and amended complaints for information as to whether or not this stock was all taken. Counsel for plaintiff in error concedes that, unless it appears from the complaint that all the stock was not subscribed, this objection is not·

available to his client in the present state of the record. But he says the complaint does show it, offering the following argument in support of the proposition: "The complaint is specific, in stating the full amount of the capital stock of the company, and the object and purpose of its corporate existence, and then states just how much stock was subscribed, and there stops. It attempts to bring in all the stockholders in this action." Now, let us examine this proposition in the light of the argument offered to sustain it. The court has no knowledge of the number of stockholders constituting the corporation except that derived from the complaint. There is no allegation, nor any express or implied admission in it, that the whole of the capital stock was not subscribed. Does it, then, as counsel alleges, "state just how much stock was subscribed?" It states just how much was subscribed by the four stockholders who are joined as defendants in the action, but does not assume to state the total number of stockholders, nor the total amount of stock subscribed. Nor was it necessary to do so; for, under the circumstances alleged, each stockholder was made liable for the indebtedness declared upon to the extent of his unpaid stock. Counsel says the complaint "attempts to bring in all the stockholders in this action." How do we know this? We fail to find any statement in the complaint capable of such a construction. If the fact be that the capital stock was not all subscribed, it should have been alleged and proved as matter of defense to the action, as was done in *Temple v. Lemon*, 112 Ill. 51, to which we are cited as sustaining the objection urged. It not in any manner appearing, from the complaint or otherwise, that the full amount of the capital stock was not subscribed, the objection made cannot avail the plaintiff in error.

Another objection to the right of the defendant in error to maintain this suit is that it is a foreign corporation, doing business in this state without having complied with

the requirements of the statute in that behalf.   We cannot think that counsel is serious in urging·this objection when the only business done related to this policy of insurance.   There is nothing in the objection; and, if there was, the case of *Utley v. Mining Co.* 4 Colo. 369, cited, shows it to be matter of defense, to be pleaded in bar of the action.

Under the fifth ground of demurrer it is urged the complaint fails to allege that the defendant in error had an insurable interest in the property insured at the time of the insurance, and upon this ground it is contended that it was error to render a judgment against the plaintiff in error.   In support of this proposition we are cited to *Grosvenor v. Insurance Co.* 17 N. Y. 392.   Referring to that case we find that McCarty was insured to the amount of $7,000 on his brick dwelling-house; loss, if any, payable to Grosvenor, mortgagee.   The policy contained the same condition contained in this policy, that in case of any transfer or termination of the interest of the insured in the property insured or in the policy, either by sale or otherwise, without consent of the company in writing, the policy should be void.   Suit was brought by the mortgagee.   On the trial he proved the policy, the loss, and the service of preliminary proofs, as was done in this case.   What next?   The insurance company offered to prove, and the plaintiff's counsel admitted it to be true, that one month before the fire occurred McCarty sold and conveyed the property insured to one Bostwick.   The court held that this breach of the conditions of the policy, offered to be proved by the insurance company and admitted by the insured, defeated the right of recovery, not only of McCarty, the insured, but of his mortgagee as well.

The analogy between the facts of the above case and those of the case under consideration is certainly not very close, and the relevancy of the decision is not apparent. We suggest the following quotation from Wood, Insur-

ance, page 500, section 207, as more in point: "While, if denied, the plaintiff must establish an insurable interest in the property, yet the fact that the policy describes the property as that of the insured is *prima facie* sufficient, and casts the burden upon the company to show that in fact he had no interest. Indeed, in an action upon a policy, it is not essential that the plaintiff should set forth his interest in the property. The policy itself is *prima facie* sufficient proof of interest; and, if the insurer seeks to avoid it on the ground that there is in fact none, he must establish his defense by proper proof." The author cites the following cases in support of the foregoing propositions: *Nichols v. Insurance Co.* 1 Allen, 63; *Fowler v. Insurance Co.* 23 Barb. 150; *Franklin v. Insurance Co.* 43 Mo. 491; *Nantes v. Thompson,* 2 East, 386; *Goram v. Sweeting,* 2 Saund. 494; *Thellusson v. Fergusson,* 1 Doug. 361. See, also, *Insurance Co. v. Slaughter,* 20 Ind. 520, 526.

Referring now to the objection that the plaintiff failed to allege an insurable interest in the property insured, in connection with the objection stated in the sixth ground of demurrer, that the complaint contains no allegation of performance upon the part of the plaintiff of the conditions of the policy, the case stands thus: The complaint alleges the defendant company insured the plaintiff in the sum of $1,500 on certain personal property; that this property was' totally destroyed by fire, whereby the plaintiff sustained great loss, "to wit, in many times the amount named in the said policy, and far exceeding said sum of $1,500 named therein;" that, after the fire, it made proofs of the loss, as required by the policy, which proofs were received by the insurance company without objection; and that its officers promised to pay the amount of risk taken, $1,500, but have paid no part thereof. The amendment to the complaint alleges that the fire did not happen from any of the causes mentioned in the policy as relieving the insurance

company from liability, and that it occurred without any fault on the part of the insured. The above facts being in no instance contradicted, the latter objections are not supported either by law or fact.

The record recites that, upon the overruling of his demurrer, the plaintiff in error refused to plead further, and elected to stand upon his demurrer; that the cause was then submitted to the court upon the pleadings on part of the insured, the policy of insurance, and the judgment previously rendered against the insurance company. Upon the matters set forth in this recital are based the second and third assignments of error, viz., the admission in evidence, as against the plaintiff in error, of the judgment previously rendered against the insurance company in this action, and the admission in evidence of the insurance policy. The grounds of these objections have already been considered. They relate to the jurisdiction of the court below to render judgment by default against the insurance company, and its jurisdiction, in an action of this nature, to render a separate judgment against a stockholder. Neither of the jurisdictional points being sustainable, under the provisions of our statute, in an action of this nature, it follows that no error was committed in the admission of the evidence complained of, or in the rendition of the judgment against the plaintiff in error. The judgment must therefore be affirmed.

*Affirmed.*