34        MILLER v. WILLIAMS.        [Sept. T.,

[No. 3858.]

MILLER v. WILLIAMS ET AL.

1. CONVEYANCES—ACKNOWLEDGMENT—CHANGE OF DATE.

A change of the date of acknowledgment of a deed of trust, from a former date to the date of delivery, made with the consent of the parties to the instrument does not invalidate the deed.

2. DEEDS OF TRUST—RESIGNATION OF TRUSTEE—EVIDENCE—PRESUMPTION.

A written resignation of the trustee in a deed of trust in the possession of the party claiming under it is presumed, in the absence of a

showing to the contrary, to have been delivered at the time it bears date and is admissible in evidence without further proof of delivery, and an instrument that makes it plain that the trustee intends to, and does, resign his office as trustee under the deed in question is sufficiently certain to constitute a valid resignation.

3. Deeds of Trust—Powers of Trustee—Resignation.

A trustee in a deed of trust, although he has accepted the trust, may resign and refuse to act, either before or after default of the grantor, without the consent or request of any one.

4. Corporations—Practice—Variance.

In an action wherein it was contended by plaintiff that certain notes and deed of trust under which defendants claimed title were void for the reason that they were executed to a foreign corporation and at the time of their execution the corporation had not filed the certificates and copy of charter required by statute to be filed by foreign corporations doing business in the state, where the answer alleged that the corporation was incorporated in one state and the proof showed that it was incorporated in another, the variance was immaterial.

5. Same.

In an action wherein it was contended by plaintiff that certain notes and deed of trust under which defendants claimed title were void because they were executed to a foreign corporation, and at the time of their execution the corporation had not complied with the requirements of the statute to authorize it to do business in the state, plaintiff cannot object to the proof of incorporation on the ground that there is a variance between the allegation in the answer and the proof as to the state in which the corporation in question was incorporated, where plaintiff's replication admits the execution of the notes and deed of trust and clearly identifies the corporation which took the notes and deed of trust as the same corporation described in defendant's answer.

6. Corporations—Statutory Construction—Bills and Notes.

The purchase by a foreign corporation of negotiable promissory notes secured by a deed of trust on real estate in Colorado is not doing business within the state in contemplation of the statute requiring foreign corporations to file certain certificates and copy of charter before doing business in the state.

7. Deeds of Trust—Grantee of Equity of Redemption.

A plaintiff who is grantee of an equity of redemption cannot in law occupy any better position than the grantor in the deed of trust would have done if he himself had brought the action.

*Appeal from the District Court of Arapahoe County.*

Mr. Arthur S. Miller, for appellant.

Mr. F. A. WILLIAMS, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Action to quiet title to real estate. Arthur S. Miller is the common source of title. The defendants claim as purchasers at a foreclosure sale of a trust deed given by him in 1890, the plaintiff as the grantee in a quitclaim deed executed by him in 1895. From a judgment in favor of the defendants, the case comes here on appeal, and of the numerous errors assigned and argued some are not properly preserved in the record, and we cannot notice them. Those which the appellant is in a position to urge are considered, and in their appropriate place the material facts are stated, in the opinion.

1. The trust deed, as well as the notes thereby secured, bears date June 11, 1890. The acknowledgment of the grantor was taken on the following day. Thereafter and on the 14th of June, the date of the notary's certificate appears to have been changed from the 12th to the 14th. It is upon this apparent change of date that the appellant makes the point that the instrument, bearing evidence of alteration, was improperly admitted in evidence.

It is sufficient to say that there was testimony before the court to the effect that the notes and the trust deed were not delivered until the 14th day of June, and that the change in date was made with the consent of the parties to these instruments. Though there was evidence to the contrary, we are not disposed to interfere with the finding below in defendants' favor.

2. The trust deed provided, *inter alia,* that in case F. M. Hamilton, the trustee, and Charles C. Culp, the successor in trust, should die, or be absent, or be unable, or refuse, to act, then the legal holder of the notes might in writing appoint some attorney of record residing in the State of Colorado as a successor in trust with the same powers originally granted to, and possessed by, his predecessors. Against the protest

of the plaintiff, the defendants introduced in evidence certain writings purporting to be the resignation and refusal to act of the trustee and successor in trust, and a further writing by which F. A. Williams was appointed by the holder of the note as successor. The objection was that there was no proof of delivery. At the trial they were in possession of the party claiming under them. *Prima facie* they were delivered at the time they bear date; and if that is so, they were admissible in evidence. As there is an absence of a contrary showing, this presumption was not overcome.

It was further objected that the paper denominated the resignation of F. M. Hamilton as trustee, and also that of Charles C. Culp as successor, are void for uncertainty. There is no merit in the objection. These instruments sufficiently identify and make plain that the persons named intended to, and did, resign the respective offices of trustee and successor in trust under the trust deed in question.

But it is also said that, prior to the time when, under a deed of trust, a trustee may be called upon by the beneficiary to act in the matter of foreclosing the same, he may not resign his office, if he has once accepted it. To this point is cited *Barstow v. Stone*, 11 Colo. App. 396, 405. That case goes to the point that a trustee must strictly conform to the provisions of the instrument appointing him; that he can act only on request of the beneficiary; and in no event till default; and that a successor in trust may act only upon the happening of some contingency therein provided. There is not a word in, or an inference from, the opinion to the effect that a trustee may not resign before the time when he may be called upon by the beneficiary to act in the foreclosure of the trust deed. As well might it be contended that a trustee may not die, or permanently remove his residence (so as to permit the appointment of a successor) until the beneficiary requests him to act. The act which the trustee is powerless to do, without the request of the beneficiary, pertains to the foreclosure for a default of a trustor. He may resign, or permanently remove, without the consent or request of any

one, and before, or after, default, and if he does, his successor steps into the vacancy.

3. The trust deed provides that, upon default and the application of the legal holder of the notes, the trustee or successor in trust shall advertise and sell. The point is made that neither the holder of the notes nor his legal agent thereunto authorized by writing, directed a sale. We think the record sufficiently shows a valid request by the duly constituted agent of the holder of the notes, and that his action in doing so was ratified by his principal.

4. The principal objection urged is that the payee of the note and the beneficiary in the trust deed, the Hamilton Investment Company, is a foreign corporation, and when the transaction occurred had not filed in the proper offices the certain certificates and a copy of its charter, etc., required by sections 490, 500, 501 and 1868, Mills' Ann. Stats. (Gen. Stats. 1883, secs. 251, 261, 265, and Sessions Laws, 1887, p. 406), and that the Massachusetts Mutual Life Insurance Company, assignee of the notes, was likewise derelict in duty before it acquired title. What the consequences of such failure are, under the constitution and laws of this state, has been the subject of inquiry by our courts and by other courts, under similar provisions, in these, among other, cases : *Utley et al. v. The Clark-Gardner Lode Mining Co.*, 4 Colo. 369; *Kindel v. Lithographing Co.*, 19 Colo. 310 ; *Tabor v. Goss & Phillips Mfg. Co.*, 11 Colo. 419 ; *Cooper, etc., Co. v. Ferguson*, 113 U. S. 727, 732 ; *Fritts v. Palmer*, 132 U. S. 282 ; *Rockford Ins. Co. v. Rogers*, 9 Colo. App. 121 ; *Insurance Co. v. Allis Co.*, 11 Colo. App. 264 ; *In re Comstock*, 3 Sawyer, 218, 227 ; *Union C. L. Ins. Co. v. Thomas*, 46 Ind. 44 ; *Thorne v. Travelers' Ins. Co.*, 80 Pa. St. 15 ; *American Ins. Co. v. Stoy*, 41 Mich. 385 ; *Farrior v. New England Mortgage S. Co.*, 88 Ala. 275 ; *Dudley v. Collier et al.*, 87 Ala. 431 ; *Cary-Lombard Co. v. Thomas*, 92 Tenn. 587.

Our attention, however, is called to the case of *Jones v. Aspen Hardware Co.*, 21 Colo. 263, which is claimed to be decisive of this case in favor of the appellant. We do not

find it necessary to determine the proposition argued, for the facts of the case do not call for an interpretation, or construction, of the constitution and statutes in question. If there was a compliance by the investment company with their directions, it is immaterial what might be the consequences of its failure in that particular. The record shows that the Hamilton Investment Company complied with the statutes by making the necessary filings, and performing the prescribed acts, on the 14th day of June, 1890, before the notes and trust deed were delivered, though on the same day. It is true appellant insists that this was subsequent to the date of these instruments, but, as already indicated in another connection, there was proof to show that these instruments were not delivered, and the money was not paid, until after the company complied with the statutes.

We are, however, met with the further objection that the record proof offered by defendants from the office of the secretary of state and of the county clerk of Arapahoe county shows that the corporation which thus complied was a foreign corporation organized under the laws of Kansas. The pertinency of this objection will be seen when it is stated that in the answer the allegation is that the Hamilton Investment Company is a corporation organized under the laws of Missouri. Having made this allegation in the answer, the plaintiff contends that defendants were estopped to show that the corporation was organized under the laws of Kansas, and that there was a fatal variance between the proof and the allegations of the answer.

We are clearly of opinion that, under the facts of this case, the variance is not only an immaterial one, but the plaintiff is not in a position, if it were material, to take advantage of it. It should be distinctly borne in mind that the substance of the objection we are now considering is that the notes and trust deed are void because the payee and beneficiary therein was a foreign corporation which had not complied with certain preliminary conditions of our statutes which must be met before it is entitled to do any business in this state. This

consequence attaches, not because the foreign corporation is one whose domicile is in Missouri, but the same result follows whatever be the state, other than Colorado, under whose laws it was incorporated. That is to say, it was not within the power of a corporation of any foreign state, territory or country to receive this note, or to acquire any interest in real estate in Colorado through this trust deed, because it could transact no business of that character; hence the instruments are absolutely void. It therefore follows that if the facts and the law are as the plaintiff claims, the failure to comply with the statute is a sufficient defense to a suit on the notes, and renders invalid any proceeding to enforce payment, whether the payee and beneficiary was a Missouri or Kansas corporation; and the converse of the proposition is equally true that if the law does not visit such consequences upon this failure, or if the fact should be that the foreign corporation, wherever organized, had complied with the statute, the objection would not be tenable. For this reason the variance is immaterial.

But even if it were, the plaintiff may not insist upon it, for in her replication she admits the execution of the notes and the trust deed to the Hamilton Investment Company, as alleged in the answer, but says that they are void because that company was, at the time of the transaction of the business in question " a foreign corporation incorporated under the laws of a state of the United States beyond the limits of this state, * * * but the said The Hamilton Investment Company had, at the time of procuring said trust deed and said notes, and at the time of transacting the business relating thereto no known place of business in the state of Colorado and no authorized agent in the same upon whom process could be served; and the said The Hamilton Investment Company had not at the time of procuring said notes and trust deed, and at the time of the transaction of said business filed in the office of the secretary of this state a copy of its charter," etc.

It thus clearly appears that, in her own pleading, plaintiff identifies the corporation which took the notes and the trust

deed as the same corporation described in the answer; and there can be no question that the corporations spoken of by the plaintiff and the defendants are one and the same. Having, therefore, in her replication alleged that the Hamilton Investment Company took these notes and trust deed, that it was a corporation organized under the laws of some state other than Colorado, which, of course, includes the state of Kansas, and that it had not complied with the statutes of Colorado, compliance with which gives it the right to do business therein,—the record proof, offered by plaintiff, that the very corporation spoken of by both parties and which was organized under the laws of Kansas had fully complied with our laws, was strictly responsive to the allegation of the replication, and constituted no variance under the issues joined. If the issue to which this proof was responsive was not tendered in the answer, it certainly was in the replication; and having done this herself, the plaintiff may not now be heard to complain because the trial court heard evidence upon it.

In this connection, we cannot withhold adverse comment upon the action of defendants' counsel when the objection of a variance was raised. Common prudence would have dictated that he should ask to amend the answer to correspond to the proof; and the amendment would have been allowed, as plaintiff could not have been surprised, because both the notes and trust deeds described the company as a Kansas corporation. This course would have saved this court much time, not only in reading and considering the arguments of counsel, but in making an independent examination of the pleadings which revealed the tender of an issue by the plaintiff that obviated the objection urged.

As to the point that the Massachusetts Mutual Life Insurance Company to which the notes were transferred long before their maturity was, for similar reasons, without capacity to take, or hold, property in Colorado, it is necessary merely to say that, under the doctrine of the cases already cited, this one act of acquiring these negotiable securities, which

seems to have taken place in the state of Massachusetts, would not be doing business here in such a sense as to bring the case within the purview of the statutes requiring foreign corporations to do certain things before they are authorized to transact business in this state.

In arriving at this conclusion, we must not be understood as holding that the record does not establish the right of this company, under these statutes, to enforce its rights by a suit in the courts of this state. Other propositions upon which similar cases have been decided have not been overlooked, such as that the plaintiff, having dealt with the corporation, and having obtained its money, is estopped to deny its corporate capacity to enforce by suit the obligations assumed; but we have not been obliged to rest our decision upon any other ground than those given. Neither has the fact, alluded to by plaintiff, escaped us that the plaintiff was not the maker of the notes or the trust deed. That circumstance, however, does not alter the relation of the parties. By her deed plaintiff took merely the equity of redemption which her grantor had. *Stephens v. Clay*, 17 Colo. 489. As was said by Mr. Justice Harlan in *Fritts v. Palmer*, *supra*, at page 289, upon a somewhat similar point, a plaintiff who is grantee of an equity of redemption "cannot, in law, occupy any better position than the original grantor would have done if he had himself brought the action."

Perceiving no substantial error, the judgment and decree of the lower court is affirmed.

*Affirmed.*