### L. F. WILSON ET AL. v. J. D. PEACE.

Decided February 4, 1905.

**1.—Foreign Corporations—Permit to Do Business—Pleading.**

It is only where a foreign corporation desires to do business in this State that it is required to obtain a permit here; and hence where a defendant, sued for the price of grain he had bought from a tenant on land owned by a foreign corporation, set up that he had paid the price ·therefor to one who had obtained from the corporation an assignment of its prior right to such grain as rent in kind, it was not necessary for him to allege that such corporation had obtained a permit to do business in Texas, there being no allegation that it was doing business here.

**2.—Same—Doing Business.**

It seems that even if the foreign corporation was doing business in Texas without a permit, it could make such an assignment of a claim for rents so as to authorize suit or defense thereon by its assignee.

Appeal from the County Court of Archer. Tried below before Hon. F. Lewis.

*N. Henderson*, for appellants.—The fact that a foreign corporation not doing business in this State has failed to obtain a permit to do business in the State of Texas does not prevent such corporation from maintaining a suit in the courts of Texas to recover rents on lands situated in Texas belonging to it and a fortiori, a bona fide purchaser of such rents could maintain such suit thereon. Lakeview Land Co. v. San Antonio Tr. Co., 66 S. W. Rep., 766; Texas, L. & M. Co. v. Worsham, 76 Texas, 558; American Invest. Co. v. North Am. Trust Co., 68 Pac. Rep., 1089; Del. & A. Tel. Co. v. Pensonkin Tap. Ry., 116 Fed. Rep., 910; Anglo Am. Land Mtg. Co. v. Dyer (Mass.), 64 N. E. Rep., 416; Frick v. Marshall, 86 Mo. App., 463; Missouri Coal & Mining Co. v. Ladd (Mo.), 61 S. W. Rep., 191; Eskridge v. Trust Co., 69 S. W. Rep., 988; Security Co. v. Bank, 93 Texas, 576; Powder River Cattle Co. v. Custer Co. (Mont.), 22 Pac. Rep., 383.

SPEER, ASSOCIATE JUSTICE.—On February 5, 1904, J. D. Peace filed suit in the County Court of Archer County against P. W. Nolen and William Nolen, composing the firm of P. W. Nolen & Company, to recover a balance of $275.91, alleged to be due for grain previously sold to defendants. The Nolens answered alleging that the grain purchased by them from the plaintiff was raised by him on a farm belonging to the American Tribune New Colony Company, a corporation duly incorporated under the laws of the State of Indiana. That plaintiff raised said grain as the tenant of said company under a contract by which said company was to be entitled to "one-fourth in the half bushel at the machine as rent." That said company, for a valuable consideration, had sold and transferred to L. F. Wilson said rent. That the sum sued for is the proceeds of said rent grain; that said Wilson had shown to defendants that he was entitled to said rents and the same had been paid over to him. That Wilson had promised and agreed to indemnify defendants if they were held liable upon plaintiff's claim. There was

a prayer to make Wilson a party, which was done, and he answered substantially the same as did the Nolens. To these answers plaintiff specially excepted for the reason "that said answer alleges that the rents therein claimed were and are due to L. F. Wilson, assignee of the American Tribune New Colony Company, a corporation under the laws of Indiana, and does not allege that said corporation has obtained from the Secretary of the State of Texas, a permit to do business in the State of Texas." The court sustained this exception, and the plaintiff failing to amend, judgment was rendered for the plaintiff against the Nolens, and a judgment over in favor of the Nolens against Wilson, from which judgment all of the defendants have appealed.

The court erred in sustaining these exceptions, because it is neither directly alleged, nor does it appear from the allegations of the answers, that the American Tribune New Colony Company was doing business in the State of Texas. It is only where a foreign corporation desires to do business in this State that it is required to apply for and obtain from the Secretary of State, a permit to do business in this State. (Lakeview Land Co. v. San Antonio Traction Co., 95 Texas, 252, 66 S. W. Rep., 766; Security Co. v. Pan Handle National Bank, 93 Texas, 575; Texas Land & Mortgage Co. v. Worsham, 76 Texas, 556; Keating Imp. Co. v. Carriage Co., 12 Texas Civ. App., 667, 35 S. W. Rep., 417.) But conceding that the company had been or was doing business in Texas without the permit provided by law, we are not prepared to hold that it could not have made the assignment in question so as to authorize the suit by its assignee. See above authorities.

*Reversed and remanded.*