[No. 5022.]
[No. 2573 C. A.]

ROSEBERRY v. THE VALLEY BUILDING AND LOAN
ASSOCIATION.

1. **Appellate Practice—Praying Appeal—Time—Dismissal—Redocketing on Error.**

An appeal must be prayed for within five days after the judgment is rendered, and an appeal which was not prayed for until after five days from the time the judgment was rendered will be dismissed, but where the court would have jurisdiction of such cause if brought up by writ of error the cause will be redocketed on error.

2. **Appellate Practice—Pleading—Order Striking Out—Uncertainty.**

Where an order of court striking out portions of a pleading is so indefinite that it is not clear what portion of the pleading was eliminated, an assignment of error based on such order may for such uncertainty be disregarded.

3. **Foreign Corporations—Doing Business in State.**

A single act of business does not bring a foreign corporation within the meaning of the statute prohibiting such corporations from doing business in the state until they have complied with the provisions thereof, and in an action by a foreign building and loan association to foreclose a mortgage a defense that plaintiff is a foreign corporation doing business in the state without having complied with the requirements of the statutes cannot be maintained where the transaction sued on is the only business shown to have been done in the state.

*Appeal from the District Court of Teller County:
Hon. William P. Seeds, Judge.*

Mr. W. O. TEMPLE and Mr. S. D. CRUMP, for appellant.

Messrs. PARKER & SCOTT, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action to foreclose a mortgage executed by defendant to secure his promissory note or bond to

plaintiff. From the decree of foreclosure in plaintiff's favor defendant appealed.

The only error assigned is to the ruling of the trial court striking out, on plaintiff's motion, a portion of the amended answer.

1. The final decree was entered on April 22, 1901, at the February, 1901, term of court. No appeal was prayed for within five days from the time the decree was rendered, or during the term at which it was entered, and the cause was not continued over that term. At the next regular term of court, which convened on the 6th day of May following, and on the 29th day of that month, an appeal was prayed for and allowed, and by the giving and approval of the appeal bond prescribed in that order appellant claims that the pending appeal was perfected.

The prayer and allowance came too late. The prayer must be made within five days after the judgment or decree is rendered.—Section 388, Civil Code. The appeal must therefore be dismissed. But as we would have jurisdiction on error, the cause must be entered as pending on writ of error, which section 388a, Mills' Ann. Code, requires to be done, and such order is hereby made. We proceed, then, to dispose of the cause on its merits.

2. The order by which portions of the amended answer were stricken is so indefinite that it is not entirely clear just what portion of the pleading was eliminated, and because of this uncertainty the error assigned might be disregarded. But we shall assume that the intention was to include all of the first defense of the amended answer, and as its identity is ascertainable from the record we proceed to dispose of the assignment on its merits.

3. The gist of this defense is that the plaintiff is a foreign corporation, and has failed to comply with the requirements of sections 499, 500 and 1868,

1 Mills' Ann. Stats., and by reason thereof cannot maintain this action, since these sections of the statutes prohibit foreign corporations from engaging in business in this state until they have conformed thereto. The allegation with respect to plaintiff's carrying on business is that it has engaged and is still engaged in the business of making loans and selling stock in the state of Colorado. For aught that appears to the contrary in this defense the only business which plaintiff actually transacted in this state is that involved in this action. There is no averment that it has made any other loan or sold any other stock, and proof of the allegation which is made would be that plaintiff loaned money to defendant and took his mortgage.

It has been repeatedly decided in this jurisdiction that a single act of business does not come within the purview of these statutes.—*Kindel v. Lithographing Co.*, 19 Colo. 310, and cases therein cited. Indeed, appellant concedes that the point has been ruled against him repeatedly by this court and our court of appeals, and his only reason for again presenting the question is because of certain language found in *Miller v. Williams,* 27 Colo. 34. Not only is there nothing in the opinion in that case to justify appellant's contention, but it was there expressly decided that a single act of doing business in this state is not within the statutes.

For the reasons given, the appeal and writ of error are dismissed.

*Appeal and writ of error dismissed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.